IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ALBERT SMITH**                                                                                                  **PETITIONER**
**ADC #133395**

v.                              **CASE NO.: 5:12CV00048-JLH-BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                            **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Chief Judge J. Leon Holmes.  Mr. Smith – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.** **Background:**

In 2005, a jury found Mr. Smith guilty of capital murder and kidnaping, and sentenced him to a prison term of life, without parole, and an additional term of forty years. Mr. Smith appealed his conviction, and the Arkansas Supreme Court affirmed. *Smith v. State*, 367 Ark. 274, 239 S.W.3d 494 (2006).

After the Arkansas Supreme Court affirmed his conviction on direct appeal, Mr. Smith filed a petition for post-conviction relief with the trial court. The trial court dismissed the petition for lack of jurisdiction. Mr. Smith appealed the trial court's denial of his Rule 37 petition, which the Arkansas Supreme Court affirmed. *Smith v. State*, No. CR 07-241, 2007 WL 1448707 at *1 (Ark. ,May 17, 2007).

On December 13, 2007, Mr. Smith filed a habeas petition in this Court under 28 U.S.C. § 2254. *Smith v. Norris*, Case No. 5:07CV00310-BD (E.D. Ark., March 26, 2009). This Court dismissed the petition, with prejudice, on March 26, 2009, and Mr. Smith appealed. The Court of Appeals for the Eighth Circuit denied Mr. Smith's application for a certificate of appealability and dismissed the appeal. *Smith v. Norris*, No: 09-2012 (8th Cir., dismissed August 11, 2009).

In the current petition, Mr. Smith contests the same conviction at issue in his previous federal habeas corpus petition. (Docket entry #2) Because this is an unauthorized second or successive habeas petition, the District Court should summarily dismiss the petition (#2) without prejudice.

### III.     Discussion

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). And the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b).[1] *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id*.
§ 2244(b)(2).

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals.[2]  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant habeas petition, read together with court records, it is obvious this petition is a successive habeas corpus petition.  Mr. Smith challenges the same conviction in this petition as he did in his previous petition.  He does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  Accordingly, this Court lacks jurisdiction to consider the merits of this petition.

## IV.  Conclusion

The Court recommends that Judge Holmes dismiss Albert Smith's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.

---

[2] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

DATED this 6th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE